### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **SHARON G. FONTENOT, ET AL** | **CIVIL ACTION 10-162** |
| **VERSUS** | **JUDGE DOHERTY** |
| **JOHNSON & JOHNSON, ET AL** | **MAGISTRATE JUDGE HANNA** |

### *REPORT AND RECOMMENDATION ON MOTION TO REMAND AND MOTION TO DISMISS[1]*
**(Rec. Docs. 5 and 16)**

Before the court is Plaintiffs' Motion to Remand for Lack of Subject Matter

Jurisdiction, for Costs, Expenses, & Attorney's Fees, and a Motion to Dismiss Under

F.R.C.P. 12(B)(6) on Grounds of Prematurity On Behalf of Hospital Service District No.

2 and Opelousas Hospital Authority D/B/A Opelousas General Health System, Scottie J.

Dumas, L.P.N., April B. Mason, L.P.N., and Nautilus Insurance Company.  The motions

are opposed.

The court heard argument on both motions.  After review of the pleadings,

jurisprudence and arguments advanced at hearing on the motions, the undersigned

recommends the motion to remand be **DENIED** and the Rule 12(b)(6) motion to dismiss

be **GRANTED** without prejudice.

### *Background and Argument*

---

[1]Motions to Remand in this District are usually resolved by a Ruling.  However, because the
issues in these motions are intertwined, and motions to dismiss before a Magistrate Judge require
disposition by Report and Recommendation, both motions are addressed by Report and
Recommendation.

1

This matter was filed in a Louisiana state court by Louisiana citizens as a wrongful death and survival action as a result of the death of Joseph Fontenot.  In the state court lawsuit, plaintiffs allege Fontenot died after being administered a Duragesic ® (fentanyl transdermal system) CII  patch for pain.

Plaintiffs allege claims against several medical personnel, the hospital, and against persons whom plaintiff alleges were involved in the manufacture of the patch. Specifically, plaintiff filed suit in state court against Opelousas General Hospital Authority, d/b/a Opelousas General Health System and Hospital Service District No. 2 St. Landry Parish (the hospital), ALZA Corp., Johnson & Johnson, Johnson & Johnson Pharmaceutical Research & Development, LLC, Sandoz Inc., B & M Industries, Inc. and Nautilus Insurance Company, insurer of the hospital.[2]

Plaintiffs also initiated a complaint before a medical review panel with the Louisiana Division of Administration for medical malpractice against the hospital, Michael D. Felton, M.D., Scottie J. Dumas, L.P.N. and April B. Mason, L.P.N.[3]

The hospital filed an Exception of Prematurity to dismiss the claims against it in the state court proceeding, arguing it was a Qualified Health Care Provider and pursuant to the Louisiana Medical Malpractice Act, Louisiana R.S. 40:1299.41 *et seq.* (MMA), the

---

[2]See *Removing Party's Compliance with Standing Order 1.73* and Exhibits  (Rec. Doc. 15, 15-1, 15-2).

[3]See "Petition to Establish Medical Review Panel" (Rec. Doc. 17-3), Exhibit to *Memorandum in Support of Motion to Dismiss* (rec. doc. 17).

claims against it must be brought before a Medical Review Panel prior to being brought in court.[4]  However, prior to the exception being ruled on by the state court, the matter was removed to this court alleging diversity subject matter jurisdiction under 28 U.S.C. § 1332(a).  In the Notice of Removal, defendants submit the hospital was improperly joined as a defendant, and its non-diverse citizenship should be ignored.

Subsequent to removal, plaintiffs filed a supplemental petition adding as defendants the non-diverse nurses named in the Petition before the Medical Review Panel, Scottie J. Dumas and April B. Mason,  Louisiana Wholesale Drug Co., Inc., Watson Pharmaceuticals, Inc., Watson Laboratories, Inc., and Watson Pharma, Inc. Louisiana Wholesale Drug Co., Inc. was subsequently voluntarily dismissed from the suit.[5]

Plaintiffs filed a motion to remand, arguing the hospital was not improperly joined in the lawsuit, as it was sued as a seller of an unreasonably dangerous product under the Louisiana Product Liability Act (LPLA), LSA-R.S. 9:5800.53(1)(b), and not required to file those claims before the medical review panel prior to filing suit.[6]  Plaintiffs argue Louisiana courts have recognized that not all claims against health care providers are

---

[4]"Exception of Prematurity" (Rec. Doc. 17-4), Exhibit to *Memorandum in Support of Defendants' Motion to Dismiss.*

[5]The claims against Louisiana Wholesale Drug Co. were voluntarily dismissed on March 31, 2010.  (Rec. Doc. 32).

[6]*Plaintiffs' Memorandum in Support of Motion to Remand for Lack of Subject Matter Jurisdiction, for Costs, Expenses, & Attorney's Fees* (Rec. Doc. 5-1), p. 4.

subject to the MMA.[7]  In this case, plaintiffs argue, "the negligent storing, maintenance, procuring, preserving, and inspection . . . [and] failure to throw away expired and/or defective patches. . . have absolutely nothing to do with medical malpractice."[8] Moreover, plaintiffs argue, the removal is premature and futile:

> That is, in several months, once the medical review panel has convened and rendered its decision, Plaintiffs will then have to join those solidarily liable Louisiana Defendants in this lawsuit; that will destroy diversity and the case will need to be remanded back to the state court at that time anyway.[9]

Plaintiffs add Dumas and Mason are independent contractors and do not fall under the MMA, as "[p]laintiffs were recently advised by the PCF that these two individuals were unable to be verified as qualified health care providers who would otherwise be subject to the LMMA."[10]  Thus, plaintiffs argue, their presence destroys diversity jurisdiction.

In opposition, Alza argues the claims against the hospital, Dumas, Mason, and their insurer Nautilus (the Hospital defendants), as Louisiana qualified health care providers under the MMA must be submitted to a medical review panel prior to filing

---

[7]*Plaintiffs' Memorandum in Support of Motion to Remand for Lack of Subject Matter Jurisdiction, for Costs, Expenses, & Attorney's Fees* (Rec. Doc. 5-1), p. 4, citing LaCoste v. Pendleton Methodist Hosp., 947 So.2d 150 (La. App. 4 Cir. 2006), reversed at 966 So.2d 519 (La. 2007); Williamson v. Hospital Service Dist. No. 1 of Jefferson, 888 So. 2d 782 (La. 2004).

[8]*Ibid.*, p. 4.

[9]*Ibid.*, p. 5.

[10]*Plaintiffs' Memorandum in Support of Motion to Remand for Lack of Subject Matter Jurisdiction, for Costs, Expenses, & Attorney's Fees* (Rec. Doc. 5-1), p. 9.

suit.  If an action is filed in court without first having been presented to a medical review

panel, defendants argue, an exception of prematurity must be sustained and the case

dismissed.[11]  Defendants argue plaintiffs failed to comply with the review panel process

prior to filing suit, their action is premature, and the medical defendants "joinder in this

suit is improper and must be disregarded for jurisdictional purposes."[12]

Defendants further argue there is no reasonable possibility of recovery against the

hospital as a seller or manufacturer under the LPLA.  First, the hospital is not a

manufacturer as defined in the LPLA, and second, there is no allegation the hospital knew

or should have known the product was defective and failed to notify the purchaser as

required to support an action in negligence as a non-manufacturer seller.[13]  Moreover,

defendants argue, the allegations that the hospital administered defective medication or

altered or exacerbated the defect in the medication is expressly defined in the MMA as

"malpractice" and covered under its provisions.[14]

_____

[11] *Notice of Removal* (Rec. Doc. 1), citing Dading v. Goodyear Tire & Rubber Co., 2005 WL 2037450, *2 (E.D.La. 2005), citing Todd v. Angelloz, 844 So.2d 316, 318-20 (La.App. 1 Cir. 2003); Jarrell v. American Medical Intern., Inc., 552 So.2d 756, 759 (La.App. 1 Cir. 1989).

[12]*Ibid.*, referencing Senia v. Pfizer, Inc., 2006 WL 1560747 (E.D.La 2006); Jones v. Centocor, Inc., 2007 WL 4119054 (E.D.La. 2007); Bourne v. Eli Lilly & Co., 2005 WL 2998914, at *2 (W.D.La. 2005); Holder v. Abbott Laboratories, Inc., 444 F.3d 383 (5th Cir. 2006); Medler v. Allstate Corp., 404 F.3d 328 (5th Cir. 2005).

[13]*Ibid.,* referencing Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993); Tauzier v. Dodge, 1998 WL 458184, *4 (E.D.La. 1998).

[14]*Alza Corporation's Opposition to Plaintiffs' Motion to Remand* (rec. doc. 21), p. 6, citing La. R.S. 40:1299.41(A)(13); Gill v. Ethicon, Inc., No. 00-2042, Rpt. And Rec., at p. 4 (W.D.La.2001)(hospital's alleged negligence in providing contaminated sutures for plaintiff's surgery was malpractice under plain wording of MMA).

In any case, defendants argue, the court need not reach the issue of whether the hospital is a manufacturer for the purposes of the improper joinder analysis, because courts have held when part of the healthcare provider's conduct falls under the MMA, the entire matter is subject to the procedures of the MMA, notwithstanding alternative theories of liability.[15]  Thus, Alza argues, if any of the claims against the hospital fall within the definition of medical malpractice, all must be submitted to the medical review panel prior to filing suit.

Therefore, Alza concludes, the non-diverse hospital defendants are improperly joined, the court must disregard their citizenship for purposes of diversity jurisdiction, and deny plaintiffs' motion to remand.

The non-diverse hospital defendants filed a  motion to dismiss, arguing the claims against them must all be dismissed as premature for failure to first proceed before the medical review panel as required by the MMA.  The hospital clarifies that Dumas and Mason are covered by the provisions of the MMA:

> Contrary to the Plaintiffs' representations in their "First Supplemental & Amended Petition", Scottie J. Dumas, L.P.N. and April D. Mason, L.P.N. are both employees and agents of Opelousas General who were acting within the course and scope of their employment.  The Louisiana Patient's Compensation Fund has since verified Scottie J. Dumas' and April Mason's PCF qualification, and provided Plaintiff's counsel with notice of same by

---

[15] *Alza Corporation's Opposition to Plaintiffs' Motion to Remand* (Rec. Doc. 21), FN3, citing Gill v. Ethicon, Inc., No. 00-2042, Rpt. And Rec., at p. 4 (W.D.La.2001), Judgment adopting Report and Recommendation (W.D.La. 2001); Cashio v. Baton Rouge General Hospital, 378 So.2d 182, 185 (La. App. 1 Cir. 1979); Rogers v. Synthes, Ltd., 626 So.2d 775, 777 (La.App. 2 Cir. 1993).

certified mail dated February 22, 2010.[16]

The hospital defendants reiterate Alza's argument that the claims against them fall under the MMA by its express terms under La. R.S. 40:1299(A)(13), and are premature. The hospital defendants  also reurge the argument that a claim by a patient against a hospital falls within the scope of the MMA, even if there are alternative theories of liability, citing <u>Rogers v. Synthes, Ltd.</u>, 626 So.2d 775, 777 (La.App. 2d Cir. 1993) and <u>Huffaker v.  ABC Ins. Co.</u>, 659 So.2d 544 (La.App. 4th Cir. 1995).

Defendants note they filed an exception of prematurity in the state court action, but the suit was removed to federal court before the state court had an opportunity to rule. Defendants argue the very cases cited by plaintiff in support of their motion to remand, <u>Johnson v. Scimed, Inc.</u>, 92 F.Supp.2d 587 (W.D. La. 2000) and <u>Englande v. Smithline</u>, 206 F.Supp.2d. 815 (E.D.La. 2002), both recognized that medical malpractice claims filed against qualified health care providers filed concurrently against manufacturers must first be presented to a medical review panel, and claims against health care providers filed prior to review are premature and subject to dismissal.  Regarding the motion to remand, the hospital defendants state as follows:

> Quite frankly, with regard to the Motion to Remand, the Hospital
> Defendants do not feel they have a metaphorical dog in that proverbial hunt.
> . . .Ultimately, whether or not it would be appropriate for this Honorable
> Court to address the instant motion depends ultimately upon how it decides

---

[16]*Memorandum in Support of Motion to Dismiss* (Rec. Doc. 17), p. 4.  Defendants attached a copy of the February 22, 2010, letter from Cheryl Jackson of the Louisiana Patient's Compensation Fund, confirming Dumas and Mason's status, attached as Exhibit G to their memorandum.

the Motion to Remand.  But it makes no difference to the Hospital
Defendants whether the Dilatory Exception of Prematurity\Motion to
Dismiss under F.R.C.P. 12(B)(6) on Grounds of Prematurity is ultimately
decided by this Honorable Court (should Your Honor deny Plaintiffs'
Motion to Remand), or by the state District Court motion (should Your
Honor grant the motion to remand).  Regardless of which Court ultimately
decides the Exception\Motion, Plaintiffs' claims against [the hospital
defendants] are unquestionably premature in whichever district court - state
or federal - prior to the completion of a Medical Review Panel pursuant to
the Louisiana Medical Malpractice Act.[17]

### *Applicable Law and Discussion*

<u>Law of Removal</u>

The removing party bears the burden of establishing the existence of federal
jurisdiction over a state court suit.  See, e.g., <u>Winters v. Diamond Shamrock Chemical
Co.</u>, 149 F.3d 387, 397 (5th Cir. 1998).  Furthermore, it is axiomatic that the lower
federal courts are  courts of limited jurisdiction and may exercise only the jurisdiction that
has been conferred by Congress.  E.g., <u>Trizec Properties, Inc. v. U. S. Mineral Products
Co.</u>, 974 F.2d 602, 604 (5th Cir. 1992).  Accordingly, there is a presumption against
subject matter jurisdiction that must be rebutted by the party bringing the action to federal
court, and there is no time limit for filing a motion to remand on the basis of lack of
subject matter jurisdiction.  <u>Coury v. Prot</u>, 85 F.3d 244, 248 (5th Cir. 1996).

On the other hand, a motion to remand the case on the basis of any defect other
than lack of subject matter jurisdiction must be made within 30 days after the filing of the
notice of removal.   A "procedural defect" is defined as any impropriety in the removal

---

[17]*Reply Memorandum in Support of Motion to Dismiss* (Rec. Doc. 48), p. 4.

that would not deprive the district court of jurisdiction over the subject matter if the action had been filed as an original action in federal court. In other words, if this court would have had jurisdiction over the action had it been filed originally in federal court, any other irregularities in the removal constitute only procedural defects that are waived if not raised by a party within 30 days of removal. See, e.g., Albarado v. Southern Pacific Transp. Co., 199 F.3d 762, 765-66 (5th Cir. 1999); 28 U.S.C. § 1447(c).

Law of Improper Joinder

The Fifth Circuit in Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (5th Cir. 2004), clarified the burden and process of weighing and examining claims of fraudulent joinder, more properly called "improper joinder," as follows:

> ...we explained in *Travis v. Irby* [326 F.3d 644, 646-47 (5th Cir. 2003)], that the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

The removing defendant bears the burden of demonstrating improper joinder. E.g., Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 100 (5th Cir. 1990). In Smallwood, the Fifth Circuit stated that "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Smallwood, 385 F.3d at 573. However, in some few cases, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may pierce the pleadings and conduct a

9

summary inquiry.  Smallwood, 385 F.3d at 573, citing Badon v. RJR Nabisco, Inc., 224

F.3d 382, 389, n.10, (5th Cir. 2000).  However, the Smallwood court admonished district

courts not to conduct substantial hearings into the merits, "as distinguished from an

analysis of the court's diversity jurisdiction by a simple and quick exposure of the

chances of the claim" as "[i]ndeed, the inability of make the requisite decision in a

summary manner itself points to an inability of the removing party to carry its burden."

Smallwood, 385 F.3d at 574.

    Although the district court may pierce the pleadings to examine affidavits and

other evidentiary material, it should not conduct a full evidentiary hearing on questions of

fact, but rather should make a summary determination by resolving all disputed facts in

favor of the plaintiff. Id. The removing party thus bears a heavy burden of demonstrating

improper joinder.  See, e.g., Sid Richardson Carbon & Gasoline Co. at 751-52; Carriere v.

Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir. 1990). The burden of persuasion on a

party claiming improper joinder "is a heavy one."  Travis v. Irby, 326 F.3d 644, 649 (5th

Cir. 2003).

### Are the claims against the hospital defendants subject to the Louisiana Medical Malpractice Act and review by a Medical Review Panel prior to filing suit?

    If the claims against the non-diverse defendants, the hospital and nurses Dumas

and Mason and their insurer, are not required to be brought before a medical review panel

prior to filing in court, then there is a reasonable basis the plaintiff might be able to

10

recover against them.  However, if plaintiff is required to bring the claims against the

hospital defendants before the medical review panel prior to filing suit, then whether

there is no reasonable basis the plaintiff might be able to recover against them is not as

clear.  In any case, the first issue is whether the claims against the hospital defendants

must be brought before a medical review panel prior to filing suit.   La. R.S.

40:1299.41(A)(10) defines malpractice covered by the Act as follows:

> "Malpractice" means any unintentional tort or any breach of contract based
> on ***health care or professional services rendered, or which should have
> been rendered, by a health care provider, to a patient, including failure to
> render services timely and the handling of a patient***, including loading and
> unloading of a patient, and ***also includes all legal responsibility of a health
> care provider arising from acts or omissions*** during the procurement of
> blood or blood components, in the training or supervision of health care
> providers, or ***from defects in*** blood, tissue, transplants, ***drugs, and
> medicines***, or from defects in or failures of prosthetic devices implanted in
> or used on or in the person of a patient. (Emphasis added).

Dumas and Mason are qualified health care providers and the claims against them

are covered by the Act, as evidenced by the letter from Cheryl Jackson of the Louisiana

Patient's Compensation Fund confirming their status as such.[18]

Plaintiffs filed a petition against the hospital before the medical review panel for

malpractice, and  La. R.S. 40:1299.41(A)(10) mandates by its express terms that claims

arising from defects in drugs and medicines are subject to review by a medical review

panel prior to filing in court.  In Rogers v. Synthes, Ltd., 626 So.2d 775 (La.App.2 Cir.

---

[18]Exhibit G to *Memorandum in Support of Motion to Dismiss* (Rec. Doc. 17).

1993), plaintiff sued Synthes as manufacturer and the hospital, Shumpert, as a

professional vendor under general tort and products liability theories for injuries sustained

when a prosthesis failed.  Plaintiff argued his claims were not subject to an exception of

prematurity, as his claims were similar to those in Sewell v. Doctors Hosp., 600 So.2d

577 (La.1992), where the Louisiana Supreme Court found a patient's claims for a

defective, broken bed were not covered under the Act.  The Rogers court rejected

plaintiff's argument, reasoning the definition of malpractice in the Act specifically

includes a health care provider's strict liability for some items, including prostheses, but

not for others, such as broken beds.  The court stated as follows:

> In general, any conduct by a hospital complained of by a patient is properly
> within the scope of the Louisiana Medical Malpractice Act if it can
> reasonably be said that it comes within the definitions of the act, even
> though there are alternative theories of liability. Austin v. St. Charles
> General Hospital, 587 So.2d 742 (La.App. 4th Cir.1991), writ denied, 590
> So.2d 80 (La.1991).

 Rogers v. Synthes, Ltd., 626 So.2d 775 (La.App.2 Cir. 1993)

In Richardson v. Advanced Cardiovascular Systems, Inc., 865 F.Supp. 1210, 1217

(E.D.La. 1994), plaintiffs alleged Mercy Hospital "negligently mishandled and damaged"

a medical device used in an angioplasty, similar to the allegations made in this matter that

the hospital was responsible for "altering, exercising control over, or otherwise

exacerbating the defect [in the patch]. . . ."[19]  The court, citing multiple Louisiana cases,

---

[19]Petition for Damages (Rec. Doc. 1-1), ¶ 37.

12

found the allegations covered by the MMA.[20]

The undersigned finds plaintiffs allegations against the hospital are covered under and subject to the provisions of the MMA.  Thus, plaintiffs must first bring their actions before a medical review panel prior to bringing suit in any court, federal or state. However, the court must still determine whether the inability to bring the action in court is tantamount to there being no reasonable basis to predict plaintiffs might be able to recover against the hospital.  If so, then the standard necessary to support an allegation of improper joinder has been met.

### Is there any reasonable basis to predict the plaintiffs might be able to recover against the hospital defendants; i.e., are the hospital defendants improperly joined?

The pivotal issue in this matter is whether the improper joinder analysis has a temporal requirement.  That is, there is no reasonable basis to predict the plaintiffs have a chance of recovery against the hospital defendants *right now*, in this court or in a Louisiana court, as those claims must first be brought before a medical review panel. However, the inability to recover is simply a result of a required procedural delay, and

---

[20]The court referenced the following cases:  Miller v. Griffin-Alexander Drilling Co., 685 F.Supp. 960, 967 (W.D.La.1988), aff'd, 873 F.2d 809, 814 (5th Cir.1989); Everett v. Goldman, 359 So.2d 1256, 1271 (La.1978). See also, Renz v. Ochsner Foundation Hospital/Clinic, 420 So.2d 1008, 1009-10 (La.App. 5 Cir.1982)(maintaining a hospital's exception of prematurity for a suit arising from injuries allegedly sustained as a result of the malfunction of a medical life support system following coronary bypass surgery); Cashio v. Baton Rouge General Hospital, 378 So.2d 182, 184-85 (La.App. 1st Cir.1979) (maintaining a hospital's exception of prematurity in a suit for the death of a patient from an infection allegedly acquired from non-sanitary conditions during a coronary bypass operation); Gobble v. Baton Rouge Hosp., 415 So.2d 425, 426 (La.App.1Cir.1982) (maintaining the Medical Malpractice Act applies to all claims alleging malpractice, including claims for injuries resulting in death).

not, as in the "normal" improper joinder analysis, a finding that there is no reasonable possibility of recovery, ever.

There are different schools of thought and rulings reflecting same, both in this district and without.  In Johnson v. Scimed, Inc., 92 F.Supp. 2d 587 (W.D.La. 2000), the court agreed with the ruling in Erdey v. American Honda Co., Inc., 96 F.R.D. 593, 595 (M.D.La.1983).  In those cases, as in the one at bar, plaintiffs sued diverse manufacturer defendants and non-diverse medical providers whose claims were required to be brought before the medical review panel prior to filing suit.  In both of these cases, the court distinguished between a peremptory exception of no cause of action,  which results in a dismissal with prejudice, and a dilatory exception of prematurity, which results in a dismissal without prejudice.

In Louisiana courts, a suit against a medical provider prior to the conclusion of proceedings before a medical review panel is subject to a dilatory exception of prematurity, not a peremptory exception of no cause of action.  Thus, these courts reasoned, a premature claim against a medical provider removed to a federal court cannot be said to state *no cause of action*, and such a defendant cannot be found to be improperly joined.

The court in Johnson  reviewed the jurisprudence up until 2000 on this issue and cited several cases from the Eastern District of Louisiana which followed the rationale of Erdey that non-diverse medical defendants were not improperly joined:

The Eastern District has followed that rationale [non-diverse medical defendants are improperly joined, because they are not subject to a preemptory exception of no cause of action] in a series of decisions. Doe v. Cutter, 774 F.Supp. 1001 (E.D.La.1991) (Feldman, J.) ("Procedural prematurity is not a conceptually accurate measure of fraudulent joinder if the claim theory asserted can be said to have plausible substantive merit. Prematurity does not trump viability."); Perry v. McNulty, 794 F.Supp. 606 (E.D.La.1992)(Arceneaux, J.) ("While plaintiff may be procedurally barred at this time from proceeding against the non-diverse defendants, she certainly has stated a cause of action that could impose liability on the Louisiana defendants. Thus, [the] claim of fraudulent joinder has no merit...."); McLin v. Surgitex, Inc., 1992 WL 67801 (E.D.La.1992) (Wicker, J.) (citing Doe v. Cutter with approval); Doe v. Armour Pharmaceutical Co., 837 F.Supp. 178 (E.D.La.1993) (Mentz, J.) ("[W]hether a dilatory exception of prematurity has been filed or even sustained in state court, plaintiffs have stated a cause of action against the medical defendants sufficient to destroy diversity and thereby preclude removal, despite their having commenced suit prior to a medical review of their claims."); Kelly v. Danek Medical, Inc., 1994 WL 321074 (E.D.La.1994) (Beer, J.) (refusing to find diversity when the medical malpractice defendants had not even been named as parties, but the petition revealed that a review panel proceeding had commenced against the non-diverse medical defendants); and Duffy v. Pendleton Memorial Methodists Hospital, 1998 WL 273114 (E.D.La.1998) (Vance, J.) (following the cited line of cases and remanding claim removed by manufacturer of venous access device because non-diverse medical malpractice defendants were named, even though the latter claims may have been premature.

Johnson v. Scimed, Inc., 92 F.Supp.2d 587 (W.D. 2000).

The Johnson court also noted two unpublished decisions from the Western District,

Comb v. American Medical Group, No. 98-1250 (W.D.La.1998) and Boxie v. Gate

Pharmaceuticals, No 98-2142 (W.D.La.1999), both of which the Johnson court stated

"equated the procedural defense with there being 'no possibility that the state court would

recognize a valid cause of action against the non-diverse defendants.'" Johnson, at 591.

The Johnson court disagreed with Comb and Boxie, and agreed with the analysis of

Erdey and the Eastern District cases cited above and remanded.

After the Johnson case, at least four more decisions were issued in the Western

District, all unpublished.  In three of the cases, the non-diverse medical defendants were

not actually named in the state court pleadings, as is proper under Louisiana law, but were

proceeding before the medical review panel.  The courts, while recognizing the Johnson

analysis, reasoned the actual parties before it were diverse and the court must deal with

the facts before it and not engage in speculation about defendants that may be joined at a

later time.  Audrisch v. Ethicon, 2002 WL 32151749 (W.D.La. 2002); Harris v. Brecher,

2007 WL 1296349 (W.D.La.2007); McQuiston v. Boston Scientific Corp., 2008 WL

104210 (W.D.La 2008).  These courts also recognized, assuming plaintiffs desired to

litigate their claims in state court, the Johnson analysis "rewarded" plaintiffs who

improperly joined non-diverse medical providers with remand to state court.

In Bourne v. Eli Lilly & Company, 2005 WL 2998914 (W.D.La. 2005), also

unpublished, the non-diverse medical defendants were actual parties to the suit as in the

instant case.  The court disagreed with reasoning of  Johnson, stating that no other cases

in the Western District had followed the Johnson court, and adopted a temporal

component to the improper joinder analysis:

> At the present time, the plaintiffs do not have a right to pursue a claim in
> any court against Dr. Brown, and this action may well be concluded before
> such a right accrues.  In addition, if a medical review board finds no
> wrongdoing on the part of the physician, the plaintiff may choose not to

16

pursue the physician in litigation.  On the other had, if the medical review
panel finds wrongdoing on the part of the physician, the physician may well
choose to enter into a settlement with a plaintiff without the necessity of
further litigation.  Thus, it is speculative to assume that the physician, who
is not presently subject to suit, will later be joined as a defendant in this
action.  Finally, the propriety of removal is to be judged as of the time of
the removal, not as of some future time.  Should the plaintiffs seek to add
the physician at a later time, and should court [sic] allow the amendment,
then this matter would be subject to remand.  However, the possibility that a
later joinder might defeat diversity and necessitate remand is not grounds to
remand at present.

Bourne v. Eli Lilly & Company, 2005 WL 2998914, *2 (W.D.La. 2005)

The latest word on the subject, Ellis v. Ethicon, Inc., 2010 WL 1251640

(M.D.La.2010)(slip copy), recognized there is no definitive answer from the Fifth Circuit

on this issue yet, but adopted the temporal view of Bourne v. Eli Lilly & Co., 2005 WL

2998914, at *2-3 (W.D.La. 2005), finding the premature filing of suit against a non-

diverse medical provider grounds for finding improper joinder:

> There is no Fifth Circuit Court of Appeals case providing a definitive
> answer to the question of whether the presence of an instate medical
> defendant who is pending review by a LMMA medical review panel can
> destroy diversity jurisdiction. While some district court cases within the
> Fifth Circuit have held that a premature claim against a medical defendant
> is not a basis for finding improper joinder, Danos v. Bristol-Myers Squibb
> Co., 2003 WL 21056815 (E.D.La. May 8, 2003); Ochoa v. Bristol-Myers
> Squib Co., 2003 WL 446821 (E.D.La. Feb.19, 2003); Doe v. Cutter
> Biological, 774 F.Supp.1001 (E.D.La.1991), cases decided more recently in
> both the Eastern and Western Districts of Louisiana addressing this issue
> have found the opposite, Jones v. Centocor, Inc., 2007 WL 4119054
> (E.D.La. Nov.15, 2007); Senia v. Pfizer, Inc., 2006 WL 1560747 (E.D.La.
> May 23, 2006); Bourne v. Eli Lilly & Co., 2005 WL 2998914, at *2-3
> (W.D.La. Nov.8, 2005)(rejecting the reasoning of the line of cases from the
> Eastern District of Louisiana, and stating that "the possibility that a later
> joinder might defeat diversity and necessitate remand is not grounds to
> remand at present"); Donaldson v. Spinal Concepts, Inc., 2003 WL

21913704 (E.D.La. Aug.6, 2003).

The cases which hold that a premature medical malpractice claim against a
non-diverse, in-state defendant does not deprive the court of diversity
jurisdiction are persuasive because they correctly apply the plain language
of the LMMA, specifically LSA-R.S. 40:1299.47(B)(1)(a)(i). Whether a
plaintiff who is currently proceeding before medical review panel pursuant
to the LMMA may later allege and prove a medical malpractice claim in a
state or federal court case is not relevant to the determination of diversity
jurisdiction at the time of removal. Rather, what is critical is whether, *at the
time of removal*, the plaintiff can commence an action against the health
care provider under state law.

Ellis v. Ethicon, Inc., 2010 WL 1251640, * 3 (M.D.La.2010).

The recent cases in the Eastern District cited by Ellis, where the courts appear to

have changed their analysis,  Jones v. Centocor, Inc., 2007 WL 4119054 (E.D.La.2007)

and Senia v. Pfizer, Inc., 2006 WL 1560747 (E.D.La. 2006), are both based on two recent

Fifth Circuit cases finding defendants against whom administrative remedies had not been

exhausted prior to filing suit improperly joined.

 In Holder v. Abbot Labs, Inc., 444 F.3d 383, 387, 388 (5th Cir. 2006), the court

held  plaintiffs had improperly joined non-diverse defendants whose claims were required

under the Vaccine Act, 42 U.S.C. §§ 300aa-1 to 300aa34, to be brought first in the United

States Court of Federal Claims prior to suit in state and federal courts, and found remand

to state court unwarranted.

In Melder v. Allstate Corp., 404 F.3d 328 (5th Cir. 2005), the court held the

Louisiana Insurance Rating Commission, the sole non-diverse defendant, was improperly

joined because administrative remedies had not been exhausted prior to suit as required

by the Louisiana Insurance Code.

If the rule were such that defendants are not improperly joined and the suit is remanded, then a plaintiff who has joined such defendants in violation of Louisiana's procedural rules is rewarded with his choice of forum.  To the contrary, under existing jurisprudence and reasoning, if a plaintiff properly follows Louisiana's procedural rules under the MMA, and does not immediately join the resident medical providers in the state court suit, the lawsuit is subject to removal and a federal court forum as only diverse defendants are present.  See Audrisch v. Ethicon, 2002 WL 32151749 (W.D.La 2002); Harris v. Brecher, 2007 WL 1296349 (W.D.La.2007); McQuiston v. Boston Scientific Corp., 2008 WL 104210 (W.D.La 2008). In these cases, the courts refused to consider a "possible future destruction of diversity, even by the promised later addition of an indispensable party" as a proper ground for remand.  McQuiston v. Boston Scientific Corp., 2008 WL 104210 (W.D.La. 2008), citing Oiler v. Biomet Orthopedics, Inc., 2003 WL 22174285 (E.D.La.2003).

The courts do not hesitate to deny remand when the only parties actually named in the suit are diverse and the non-diverse medical providers are properly before a medical review panel as required by Louisiana law, even though it is possible, if not likely, these defendants will eventually be joined in the litigation.  This Court does not subscribe to the view that remand should be granted when  non-diverse medical providers are in federal court solely due to plaintiffs' violation of Louisiana's procedural laws.  For all the

19

reasons given above, the undersigned will recommend plaintiffs' motion to remand be denied.

The hospital defendants filed their motion to dismiss as a Rule 12(b)(6) motion to dismiss for failure to state a claim.  The undersigned has found these defendants improperly joined and as such their presence in the law suit may be disregarded for jurisdictional purposes.  However, the undersigned recommends the motion to dismiss be granted without prejudice to the plaintiffs' right to file a motion to amend their petition to include these defendants after completion of  proceedings before the medical review panel.

### Conclusion and Recommendation

For all the reasons given above,

**IT IS RECOMMENDED** that Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction, for Costs, Expenses, & Attorney's Fees (rec. doc. 5) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the Motion to Dismiss Under F.R.C.P. 12(B)(6) on Grounds of Prematurity on Behalf of Hospital Service District No. 2 and Opelousas Hospital Authority D/B/A Opelousas General Health System, Scottie J. Dumas, L.P.N., April B. Mason, L.P.N., and Nautilus Insurance Company (rec. doc. 16) be **GRANTED** and that these defendants be dismissed without prejudice.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

20

recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Lafayette, Louisiana, this 30th day of April, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)