UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SHARON  G. FONTENOT, ET AL       CIVIL ACTION NO. 10-CV-162

VERSUS                       JUDGE DOHERTY

JOHNSON & JOHNSON, ET AL      MAGISTRATE JUDGE HANNA

### *Report and Recommendations*

Before the undersigned is the plaintiffs' Motion for Leave to File Supplemental &

Amended Complaint [Rec. Doc. 89], which motion has been referred to the undersigned

for Report and Recommendation.  For the reasons set out below, the undersigned

recommends that the motion be GRANTED and this matter be REMANDED to the state

district court from which it was removed.

### *Factual and Procedural Background:*

This matter arises out of the death of Joseph Fontenot, who died after allegedly

being administered a fentanyl transdermal system patch for pain.  Plaintiffs filed suit on

December 28, 2009 in the 27th Judicial District Court for the Parish of St. Landry, against

Opelousas General Hospital Authority, d/b/a/ Opelousas General Health System and

Hospital Service District No. 2, St. Landry Parish (the hospital), ALZA Corp., Johnson &

Johnson, Johnson & Johnson Pharmaceutical Research & Development, LLC, Sandoz

Inc., B &M Industries, Inc. and Nautilus Insurance Company in its capacity as the insurer

of the hospital. [Rec. Doc. 1-1, p. 2]  On the same date, Plaintiffs also initiated a medical

malpractice complaint before a medical review panel with the Louisiana Division of

Administration against the hospital, Michael D. Felton, M.D., Scottie J. Dumas, L.P.N. and April B. Mason, L.P.N. [Rec. Doc. 1-1, p. 44]

While the matter remained in state court, the hospital filed an Exception of Prematurity to dismiss the claims against it, arguing it is a Qualified Health Care Provider and pursuant to the Louisiana Medical Malpractice Act, Louisiana R.S. 40:1299.41 *et seq.* (MMA), the claims against it must be reviewed by a Medical Review Panel before suit may be brought in court.   [Rec. Doc. 1-1, p. 36] Prior to the exception being ruled on by the state court, the matter was removed to this court. Jurisdiction was based on diversity of citizenship under 28 U.S.C. §1332(a). In the Notice of Removal, Defendants submitted that the hospital was improperly joined as a defendant, and its non-diverse citizenship should be ignored. [Rec. Doc. 1]

On February 12, after removal and without leave of court, the plaintiffs filed a document entitled First Supplemental and Amended Complaint, adding additional defendants, including Watson Pharmaceuticals, Inc., Watson Laboratories, Inc., Watson Pharma, Inc., as well as Scottie J. Dumas, L.P.N. and April B. Mason, L.P.N., among others. [Rec. Doc. 4][1]  On the same date, Plaintiffs filed a motion to remand the case to state court, arguing that the hospital was properly joined in the lawsuit, as it was sued as a

_____

[1]There was, in fact, a First *and* Second Supplemental and Amended Petition already filed in the state court proceeding, and therefore, this document was actually the *Third* Supplemental and Amending Complaint. See Rec. Doc. 1-1 Ex. B, Rec. Doc. 15-2 P. 1.

seller of an unreasonably dangerous product under the Louisiana Product Liability Act, and that those claims were not required to be presented to a medical review panel prior to filing of suit. On that basis, asserted the plaintiffs, this court lacked subject matter jurisdiction based on diversity. [Rec. Doc. 5-1] The plaintiffs further argued that removal to federal court was both premature and futile in this case, since the nondiverse healthcare provider defendant(s) would reenter the litigation picture upon completion of the medical review process, destroying diversity at that time. [Rec. Doc. 5-1, p. 5]

The non-diverse medical defendants filed a motion to dismiss on the grounds of pre-maturity arguing they were all qualified health care providers under the Louisiana Medical Malpractice Act (La.R.S. 40:1299 et. seq.) against whom the plaintiffs had not brought proceedings before a medical review panel.

Both the plaintiffs' remand motion and the defendants' Motion to Dismiss on grounds of prematurity (essentially the same as the Exception of Prematurity filed in state court) were considered by the undersigned who issued a Report and Recommendation in April, 2010. [Rec. Doc. 51] The recommendations were adopted by the district court, and, by Judgment dated June 17, 2010, the Motion to Remand [Rec. Doc. 5] was denied, and the Motion to Dismiss [Rec. Doc. 16] was granted, dismissing the healthcare provider defendants and their insurer(s), without prejudice. [Rec. Doc. 57]

On June 25, 2010, Plaintiffs motion to voluntarily dismiss Defendant B & M Industries without prejudice was granted. [Rec. Doc. 60-61] On August 22, 2010,

Plaintiffs' motion to dismiss the Johnson & Johnson defendants without prejudice was also granted. [Rec. Doc. 67-68] As of that ruling by the court, the only defendants remaining in the case were Watson Pharmaceuticals, Inc., Watson Laboratories, Inc. and Watson Pharma Inc.(the 'Watson Defendants') who were not actually in this case at the time it was removed.

Approximately fourteen months later, on October 11, 2011, Plaintiffs filed a Motion to Voluntarily Dismiss Watson Defendants. [Rec. Doc. 83] Plaintiffs asserted that the medical provider defendants "currently undergoing the medical review panel,  and the currently named manufacturer in the instant action, would be joint tortfeasors under Louisiana law." [Rec. Doc. 83, para. 6] Thus, according to Plaintiffs, it would be a waste of this Court's judicial resources to continue the captioned action during the pendency of the Medical Review Panel process underway in Louisiana State Court[2].

In response to the plaintiffs' motion, the Watson Defendants filed a Memorandum in Partial Opposition [Rec. Doc. 84], offering no opposition to the requested dismissal without prejudice, but requesting of the court  "that the order of dismissal expressly provide as a condition of dismissal that, in the event the action is refiled, it must be refiled in this Court." [Rec. Doc. 84, p. 1] Because of this "condition,"oral argument on the

---

[2]On November 15, 2011, Plaintiff filed a Petition for Damages against the health care providers in the 27th Judicial District Court for the Parish of St. Landry, Docket No. 11-C5325B. The pleading is attached as Ex. A to Rec. Doc. 93] In that pleading, the plaintiffs assert the Medical Review Panel convened on October 26, 2011 and rendered its opinion. [Rec. Doc. 93-1]

motion was held on December 27, 2011. At the hearing, Plaintiff's counsel declared his intent to withdraw the motion, which request was granted. [Rec. Doc. 90, 91]  Also at the oral argument, Plaintiff advised the court that the Medical Review Panel process had been completed, allowing for suit against the healthcare provider defendants, and Plaintiff expressed the intent to add those providers as defendants in the instant litigation. Two days later, the Watson defendants filed a Motion for Summary Judgment [Rec. Doc. 87], which is presently pending before the district court.  On December 30, 2011, Plaintiff filed the Motion for Leave to File Supplemental & Amended Complaint, seeking to add additional claims against the health care provider defendants which had only recently become justiciable. [Rec. Doc. 89] The motion is opposed by Defendants. [Rec. Doc. 93]

### *Applicable Law and Discussion*

The parties[3] sought to be added as defendants in the proposed  Supplemental and Amending Complaint-Opelousas General Hospital Foundation, Inc., Scottie Dumas, L.P.N., and April Mason, L.P.N.- are the same parties who, with their insurer, were dismissed, without prejudice, on June 17, 2010. [Rec. Doc. 57] Plaintiffs assert that the medical malpractice claims against the health care provider defendants have recently become justiciable, with the completion of the Louisiana Medical Review Panel process, and these defendants are indispensable parties who should be added to the instant litigation. In opposition, Defendants submit that the proposed motion is barred by 28

---

[3]Dr. Michael A. Felton, M.D. is also sought to be added as a defendant. [Rec. Doc. 89-2]

U.S.C. §1367(b) and should be denied pursuant to 28 U.S.C. §1447(e) and/or Fed. R. Civ.

P. 16(b).

 In fact, the plaintiffs predicted the very circumstances presently before the court:

> That is, in several months, once the medical review panel has convened and rendered its decision, Plaintiffs will then have to join those solidarily liable Louisiana Defendants in this lawsuit; that will destroy diversity and the case will need to be remanded back to the state court at that time anyway. [Rec. Doc. 5-1, p. 5]

While the courts have refused to consider a possible future destruction of diversity, even by the promised later addition of an indispensable party, as a proper ground for remand, that question is no longer a concern; the question currently presented is whether the now-mature claims against the non-diverse health care providers should be allowed to be added into the instant litigation.

With regard to the supplemental jurisdiction issue, it is well-settled that federal courts have supplemental jurisdiction over claims that are "so related" to claims within the court's original jurisdiction that they form part of the same case or controversy, including claims involving the joinder of additional parties.  28 U.S.C. §1367(a). However, in a civil action of which the court has original jurisdiction based solely on diversity, the court will not have supplemental jurisdiction over claims by plaintiffs against parties under Rules 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, if the addition of those parties would destroy subject matter jurisdiction. 28 U.S.C. §1367(b); *State Nat. Ins. Co. Inc. v. Yates*, 391 F.3d 577(5th Cir. 2004). Thus,

Defendants' contention that the court is expressly prohibited from exercising

supplemental jurisdiction over the medical malpractice claims in this case is correct,

however, that is not the proper analysis that should be undertaken.

***The Hensgens Analysis****:*

The provisions of 28 U.S.C. §1447(e) provide that [i]f after removal the plaintiff

seeks to join additional defendants whose joinder would destroy subject matter

jurisdiction, the court is vested with broad discretion to "deny joinder, or permit joinder

and remand the action to the State court."  At this stage, the "freely given" standard of

Fed. R. Civ. P. Rule 15(a) does not apply, and the proposed amendment must be more

closely scrutinized.  *Short v. Ford Motor Co.*, 21 F.3d 1107 (5th Cir. 1994)(citing

*Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). A motion for leave to

amend to add a non-diverse party whose inclusion would destroy diversity and divest the

court of jurisdiction is governed by §1447(e) and triggers the application of the factors

enunciated by the Fifth Circuit in *Hensgens.*

In *Hensgens*, the Fifth Circuit set forth a four-factor test for determining whether the

addition of a non-diverse defendant requiring remand should be granted, or whether the

amendment seeking to add the non-diverse defendant should be denied, allowing the federal

court to retain jurisdiction.  The four factors are (1) "the extent to which the purpose of the

amendment is to defeat federal jurisdiction"; (2) "whether the plaintiff has been dilatory in

asking for amendment"; (3) "whether plaintiff will be significantly injured if amendment is

not allowed"; and (4) "any other factors bearing on the equities" in the case at hand. *Id.* The balance does not hinge on "a rigid distinction of whether the proposed added party is an indispensable or permissive party." *Id.* Further, "the addition of a non-diverse party must not be permitted without consideration of the original defendant's interest in the choice of forum." *Id.* In conducting the *Hensgens* analysis, the district court, with input from the defendant, should balance the equities and decide whether amendment should be permitted. If it permits the amendment to add the non-diverse defendant(s), it then must remand to the state court.  If the amendment is not allowed, the federal court maintains jurisdiction.

### *Is the purpose of the amendment to defeat federal jurisdiction?*

When courts analyze the first *Hensgens* factor, some consider whether the plaintiffs knew or should have known the identity of the non-diverse defendants when the state court complaint was filed. *Schindler v. Charles Schwab & Co.*, Civ. A. 05-0082, 2005 WL 1155862, at *3 (E.D.La. May 12, 2005). It is clear that the identities of the defendants sought to be added herein were known to the plaintiffs as early as December 28, 2009, when they initiated the Medical Review Panel process against the health care providers. [Rec. Doc. 1-1, p. 44] At that time, the parties could not be named as defendants in litigation, since the medical review process served as a prerequisite to suit.  Likewise, one of the non-diverse defendants was 'in the mix' when the now-dismissed manufacturer defendant ALZA Corporation acted to remove the state court action to this court, with that defendant arguing that the non-diverse status of the prematurely joined hospital defendant should be ignored

for jurisdictional purposes.  Had the hospital defendant not been subject to the medical review process, the case could not have been removed.  When the healthcare provider defendants were dismissed from this action based on the defendants' Rule 12(b)(6) motion, there was the contemplation that those parties would conceivably reenter the picture once the medical review process was complete.  All parties have known for some time that the health care provider defendants would become parties in this or other litigation upon completion of the medical review panel process.

Other courts looking at the first *Hensgens* factor analyze whether the proposed amendment presents a valid cause of action.[4]  Defendants have not argued that the claims sought to be added by the proposed amendment cannot be valid, as a matter of law, on the facts at issue, and this Court does not find that the proposed claims fail to state a valid cause of action.  The record demonstrates that the plaintiffs have already filed a state court suit against the defendants sought to be added to this litigation. The record further shows that Plaintiffs acted to request leave to amend the pleadings the day after the defendants filed a dispositive motion in this case.  It also shows that the defendants' dispositive motion was filed two days after the plaintiffs' counsel's declared in open court his intent to amend the pleadings when this Court would not allow a voluntary dismissal without prejudice conditioned upon plaintiffs ONLY being allowed to bring a case against the diverse

---

[4]*Tillman v. CSX Transportation Co. Inc.* 929 F.2d 1023, 1029 (5th. Cir 1991); *Kling Realty Co., Inc. v. Texaco,* 2007 WL 4553611 (W.D. La. 2007).

-9-

defendants in federal court.

All of these facts considered, the undersigned concludes that the claims sought to be presented in the proposed amended pleading are viable and valid claims which were known and reasonably anticipated by all parties for some time.  Consequently, the Court concludes that the proposed amendment is not sought solely in an effort to defeat diversity.  Thus, the first *Hensgens* factor weighs in favor of permitting amendment.

### Has the plaintiff been dilatory in asking for amendment?

There is no question that Plaintiffs have sought to include the healthcare provider defendants in this litigation for some time, but were barred by the medical review process prerequisite to suit filing.  On October 11, 2011, two weeks *before* the medical review process was completed,  Plaintiffs sought to voluntarily dismiss the Watson defendants from this federal court litigation, presumably to have all issues joined in the state court. That state court suit was filed shortly thereafter. [Rec. Doc. 83]  When the defendants objected to the voluntary dismissal, a hearing was held on December 27 at which the plaintiffs' counsel moved to withdraw the motion to dismiss and declared his intent to seek to join all issues in the federal forum by the proposed amendment.  Amendment was sought three days later on December 30, 2011.  The Court finds the plaintiffs have not been dilatory.

Defendants additionally argue that Plaintiffs have failed to demonstrate the requisite "good cause" to modify the court's scheduling order deadline required by Fed.R.Civ.P. 16(b), which governs amendment of pleadings after a scheduling order deadline has expired.  In

determining good cause, it is appropriate to consider (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S & W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533,535-36(5th Cir. 2003). In the instant case, while it is true that the proposed amendment comes well beyond the previously extended scheduling order deadline of February 23, 2011[Rec. Doc. 78], the fact is that amendment could not have been reasonably sought before the deadline, since the medical review process was not completed, a condition known to the parties and the court for almost the entire duration of this litigation.  The undersigned finds that the circumstances of the instant litigation, serve as sufficient cause for satisfaction of the Rule 16(b) requirement.

### Will the plaintiffs be significantly injured if amendment is not allowed?

As for the third *Hensgens* factor, the undersigned must consider the degree to which the plaintiffs may be harmed if amendment is not allowed in this case [and] requires more than labels and conclusions." *Id* at 555, citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209(1986).  Plaintiffs argue they will be substantially prejudiced should the amendment not be permitted, since they will be forced to litigate their case in a piecemeal fashion if they have to bring their claims against the medical malpractice defendants in state court while prosecuting the case against the manufacturer defendants, based on the same "virtually inseparable facts," in federal court.  Defendants acknowledge

-11-

the factual similarities on the issue of damages, but assert the similarities are not sufficient to outweigh their right to the federal forum.

If the proposed amended is permitted, this case will be remanded to state court, per the requirements of 28 U.S.C.§1447(e) where all of the claims can be tried at once.  If the amendment is not permitted, and if Plaintiffs are forced to proceed in federal court against the Watson defendants while their claims against the medical malpractice defendants proceed in state court,  the plaintiffs will have to prosecute their causes of action against both sets of defendants in a piecemeal fashion, with two separate lawsuits in two separate forums.  Under Louisiana's pure comparative fault law, La.Civ.C.Art. 2323, the fault of all potential tortfeasors would be submitted to the jury in both cases. Therefore, the possibility of inconsistent verdicts is very real. This factor weighs in favor of allowing amendment.

***Are there any other factors bearing on the equities in the case at hand?***

The fourth *Hensgens* factor includes consideration of the original defendant's right to litigate in the federal forum, not an insignificant consideration, per *Hensgens*.  The court must therefore balance the original defendant's interest in maintaining a federal forum with the competing interest in avoiding potentially parallel litigation.  The undersigned begins by noting that the Watson defendants were not the removing parties in this matter, and they did not select the federal forum.  Rather, they were joined after this case was already removed here. They have, however, vigorously asserted their preference for the federal forum and have presented several arguments to assert the prejudice they would suffer from the granting

of leave to amend the pleadings.  In arguing against amendment, the defendants suggest that the product liability action in this court is "ripe for judgment" while the medical malpractice action is in its "embryonic" stages.  Given that the medical review process has been ongoing for quite some time, there is some doubt as to this unsubstantiated assertion. They urge that if amendment is granted they will be forced to start over in state court and that they should not be subjected to the expense and delay in re-litigating this action. [Rec. Doc. 93, p.15] Defendants assert that the proposed amendment to the pleadings comes simply as Plaintiffs effort to avoid the pending defense Motion for Summary Judgment. [Rec. Doc. 93, p. 17] No detail is offered to explain what aspects of this case would have to be re-litigated or what expense would be incurred to the defendants' prejudice.

Since the claims against the defendants are based on state law, there is no reason to anticipate that the state court would not or could not make fair determinations on the matters at issue, including the pending summary judgment motion, and thus the Court must question whether defendants will actually experience the prejudice argued. In balancing the equities in this case, both plaintiffs and defendants could be potentially prejudiced, to differing degrees.  However, considering the positions of the parties in the context of the procedural history of this case, the undersigned concludes that the near-guaranteed prejudice to the plaintiffs from piecemeal litigation should the amendment be denied would be greater than the potential prejudice to the defendants should the amendment be permitted.  Thus, the undersigned concludes that the equities weigh in favor of permitting the amendment unless

-13-

the district court is prepared to rule on the motion for summary judgment and even then the equities must still be considered.

If the district court were to conclude the motion for summary judgment is (a) ripe for adjudication, and (b) would dispose of the entire case against the moving defendants if granted, the amendment would essentially be denied as a matter of course as the only remaining potential parties would be the non-diverse health care providers. However, if the plaintiffs wished to appeal the district court's ruling, the specter once again arises that the plaintiffs would be proceeding on parallel tracks, and the pending state court litigation may even proceed to trial before any appeal is exhausted. Under this scenario, the equities would still suggest allowing the amendment and letting the Watson defendants pursue their summary judgment motion in state district court. If it is granted in that forum, the appeals process can proceed on a single track with the claims against the non-diverse defendants.

### *Recommendations*

For the foregoing reasons, the undersigned finds that the *Hensgens* factors and the discretion afforded to the court under Fed. R. Civ. P. Rule 16(b) militate in favor of permitting the amendment of the pleadings.  It is therefore recommended that the Motion for Leave to File Supplemental & Amended Complaint [Rec. Doc. 89] be GRANTED.  Since the amended pleading will add nondiverse parties to the litigation, defeating diversity jurisdiction, it is therefore necessary that the matter be REMANDED to the 27th Judicial District Court for the Parish of St. Landry, Louisiana, pursuant to 28 U.S.C. §1447(e).

-14-

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglas v. United Services Automobile Association*, 79 F.3d 1415(5th Cir. 1996).

Signed at Lafayette, Louisiana this 13th day of April, 2012.

_____
Patrick J. Hanna
United States Magistrate Judge

-15-